MoFaklahd, J.,
delivered the opinion of the coturt:
The complainants in their hill charge that they axe the owners of a mill, run by water power, and that the defendant has erected a dam below complainants’ mill, on the same water course, by which the water is dammed up and thrown bach on the complainants’ mill, obstructing its operations by "drowning the wheel” of complainants’ mill, besides otherwise damaging the complainants’ premises; that the injury is increased by the defendant permitting a fallen tree to remain across the stream, which he refuses to remove or permit complainants to remove.
That complainants attempted to avoid the trouble by raising the wheel of their mill, when the defendant at once increased the height of his dam, causing the back flow of water to be as injurious as ever.
The prayer is, that defendant’s dam be declared a nuisance, and abated, with an account of the damages.
Two grounds of demurrer are assigned:
1. That complainants have not asserted their legal rights at law, "and proven defendant guilty of a trespass,” in order to entitle them to ask a chancery court to abate the nuisance.
We understand that courts of equity will interefere by injunction to abate or prevent the continuance of a private nuisance, where, from its nature, it is not susceptible of being adequately compensated in damages, or such as from its continuance, must occasion a constantly recurring grievance.
The obstruction of water courses, tire diversion of streams from mills, and the “back flowage on mills,” are given as instances where courts of equity may proceed without judgment at law.
This is upon the ground that the complainant has not only the right to damages for the injury, but also the right to the quiet enjoyment of his own property without molestation, and to prevent a multiplicity of suits; and that not only will the erection of such nuisances be prevented, but *453 the injury will be corrected, if the erection be completed. All this is clearly stated in Story’s Equity Jurisprudence, secs. 925, 926, 927, and the doctrine is clearly recognized in Vaughn v. Law, 1 Hum., 123; Kirkman v. Handy, 11 Hum., 406, and not denied in the other cases referred to. Caldwell v. Knott, 10 Yer., 210.
If it should turn out upon trial that the fact whether the erection be a nuisance or not, is uncertain, the complainant may be left to establish the existence of the nuisance by a judgment at law, or the verdict of a jury, but if the bill make a clear case, a demurrer on this ground will not be sustained. Ve think our statute authorizing a court of law to abate the nuisance upon a verdict and judgment for the plaintiff, does not affect the jurisdiction of a court of equity.
The second ground of demurrer is, that defendant is not liable to be proceeded against for a nuisance for simply permitting a fallen tree to remain across the stream. This only goes to part of the bill, and, if well taken, would not change the result, but it is no.t well taken, especially as the bill charges that defendant not only permitted it to remain, but would not permit complainants to remove it. The demurrer was properly overruled, and the decree is affirmed, with costs, and the cause remanded.